# ROBERT ALTVASSER v. DULUTH CRUSHED STONE COMPANY.[1]

June 18, 1909.

Nos. 16,158—(134).

**Verdict Supported by Evidence.**
> In an action to recover for personal injuries, the evidence is *held* sufficient to support the verdict, and that the record presents no reversible errors.

Action in the district court for St. Louis county to recover $5,500 for personal injuries sustained by plaintiff while working in defendant's stone crushing mill. The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $300. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Davis & Hollister* and *James A. Hanks,* for appellant.

*J. De La Motte,* for respondent.

BROWN, J.

Action to recover for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Defendant was engaged in operating a stone-crushing plant at the city of Duluth. The building in which its business was carried on is a high structure, having upper and lower floors, and was equipped with all necessary machinery, including two crushers, one large and the other small. Rock was brought into the building and first put through the larger crusher, thence carried by means of a conveyor or elevator to the small machine, where it was crushed into smaller pieces. The conveyor or elevator was in the form of a large, powerful belt, some seventy feet long, with attached steel buckets, which carried the crushed material and revolved upon shafts installed for that purpose. By this means the rock as it passed out

[1]Reported in 121 N. W. 906.

of the larger crusher was carried to and automatically discharged or deposited into a hopper constructed over, and through which it passed into, the smaller crusher. The hopper was in size three by four feet, with sloping sides, having at the bottom an opening through which crushed rock passed. The top of the hopper was elevated about nine feet from the floor, and the outer edge or rim thereof was six inches wide.

Rock often became clogged in the hopper and failed to pass through, and it became necessary frequently to dislodge the same. To do this a workman would ascend to the top of the hopper, stand upon its edge, and by means of a large bar relieve the clogged situation by poking into particles of crushed rock lodged therein. Plaintiff, twenty-eight years of age, and a carpenter by trade, had been in the employ of the defendant about two weeks before the accident; the first ten days being spent as a shoveler, with the duty to keep the space underneath the hopper free of accumulated crushed rock. During the last four days of his service he was engaged about the crushers.

After being set at this work it became his duty, among other things, to look after the hopper connected with the smaller crusher, just described, and to keep it open and free from clogging. His former experience of ten days familiarized him in a measure with his new duties, and with some instructions he proceeded to their performance. On the fifth day after engaging in this work the hopper became clogged and he proceeded to clear it, taking his position on the top edge thereof, and with the iron bar was dislodging the rock, when a sudden jar or jolt of the hopper caused him to lose his balance, and he fell to the floor, nine feet, and was injured. He thereafter brought this action, charging defendant with negligence in failing to provide him with a safe place in which to perform his work, and in failing to warn and instruct him of hidden dangers and risks incident thereto, of which he had no knowledge, and of which defendant knew or ought in the exercise of reasonable care to have known.

1. Defendant contends in this appeal that the evidence wholly fails to establish actionable negligence, and that judgment should be

ordered in its favor. We do not sustain this claim. The evidence made the question one of fact for the jury.

It was the claim of plaintiff in the court below that defendant, in the exercise of the degree of care imposed upon it in respect to providing him with a safe place to work, should have constructed a platform around the top of the hopper upon which workmen could stand while engaged in dislodging clogged material therein, and that its failure to do this, in connection with the fact that the large belt, with steel buckets, described heretofore as the conveyor, operated immediately underneath the hopper, frequently came in contact with it, thus causing a violent jarring and jolting of the hopper, to the danger of the person standing upon the edge thereof while relieving its congested condition, of which defendant's manager had notice, and which was unknown and uncommunicated to plaintiff, constituted negligence sufficient to charge defendant with liability. The trial court submitted the case to the jury on this theory, instructing them that the failure of defendant to construct the platform would not alone justify a verdict for plaintiff; but that, if practical to construct the platform, its absence, coupled with defendant's failure to warn plaintiff of the dangers incident to a sudden contact between the hopper and the rapidly revolving belt, if the defendant knew that fact, or in the exercise of reasonable care ought to have known it, would warrant a recovery by plaintiff.

We concur with the learned trial court in this disposition of the case; and our examination of the record leads to the conclusion that there was sufficient evidence presented to take all the questions to the jury. The mere fact that plaintiff himself was unable to testify distinctly that it was the sudden contact between the belt and the hopper, and consequent jar or jolt, which caused him to lose his balance and fall, is not conclusive that such was not the cause of the accident. The evidence taken as a whole clearly indicated such to have been the fact, and the jury was justified in so finding. Whether this condition was an ordinary incident of the work, and such as plaintiff should have anticipated, were questions of fact, and the record will not justify, as a matter of law, a conclusion thereon adverse to the verdict of the jury.

2. Defendant also complains of certain instructions and refusals to instruct the jury. These we have carefully examined, with the result that no reversible error has been pointed out. The charge as a whole fairly submitted all the issues to the jury, and the law applicable thereto was clearly laid down for their guidance.

3. The question of assumption of risk was properly left to the jury.

Order affirmed.